IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>JOSEPH RICHARD PERRY, JR.,<br><br>Defendant/Petitioner. | Criminal Case No. 1:99-cr-041 |

**<u>MEMORANDUM OPINION</u>**

THIS MATTER comes before the Court on Petitioner Joseph Richard Perry's Motion to Vacate Judgment pursuant to Federal Rule of Civil Procedure 60(B)(4). Petitioner moves to vacate his October 6, 1999, conviction for operating a motor vehicle while being classified as a habitual offender.

On October 27, 1997, Petitioner drove a vehicle onto the premises of the Central Intelligence Agency (CIA) in Langley, Virginia. When he approached a mandatory stop, Petitioner used a speaker box to ask for directions because he was lost. Agent Todd Dunn invited Petitioner to drive to the end of the parking lot for further assistance. Upon nearing Petitioner's vehicle, Agent Dunn detected a strong odor of alcohol. In response to a question from Agent Dunn, Petitioner admitted that he had been drinking.

When Agent Dunn asked Petitioner to produce a driver's license, Petitioner failed to do so although he did produce a Virginia identification card. Agent Dunn ran a computer check on the identification card. He discovered that Petitioner was operating a motor vehicle under a suspended and revoked license and that Petitioner was classified in June 1990 as a habitual offender in Virginia. The CIA does not conduct field sobriety tests, so Agent Dunn contacted the Fairfax County Police Department. Officer Keith Carrero arrived ten minutes later.

Upon arriving at the scene, Officer Carrero observed an open container of alcohol in plain view in Petitioner's vehicle. Officer Carrero arrested Petitioner for drunkenness in public. On January 21, 1999, a federal grand jury in the Eastern District of Virginia indicted and charged Petitioner with operating a motor vehicle while classified as an habitual offender in violation of 18 U.S.C. § 13 (assimilating Va. Code Ann. § 46.2-357(B)(3)). On October 6, 1999, after a bench trial, Petitioner was found guilty for operating a motor vehicle while classified as a habitual offender.

Since that time, Petitioner has repeatedly attempted to vacate this conviction. In the instant motion, Petitioner argues that his conviction is void *ab initio* because his classification in June 1990 as a habitual offender was improper. Petitioner relies on an affidavit from Judge Frank A. Hoss, Jr., a retired

circuit judge in Prince William County, to support this contention. Judge Hoss had presided over the June 1990 hearing when Petitioner was classified as a habitual offender.

As a preliminary issue, Federal Rule of Civil Procedure 60(b)(4) applies to civil cases and is not a proper means for challenging a criminal conviction or sentence. If a criminal defendant challenges his conviction or sentence pursuant to a Rule 60(b) motion, the court should construe the motion as a 28 U.S.C. § 2255 motion. United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003); United States v. Delgado, No. 2:06CR164, 2013 WL 11583637, at *1 (E.D. Va. July 24, 2013)("Where, as here, a criminal defendant seeks to attack his conviction or sentence, the court must treat the Motion as a habeas corpus petition."). Without obtaining certification under § 2244, a petitioner may only file one habeas petition. See Castro v. United States, 540 U.S. 375, 380 (2003).

Here, the Petitioner's instant motion is barred because it is a successive application. Petitioner previously filed multiple motions under § 2255, including a § 2255 motion in February 6, 2002 and another § 2255 motion on December 10, 2010. Since the instant motion is a successive § 2255 motion without certification, the motion is barred. Furthermore, Petitioner's motion is time-barred. A § 2255 motion is subject to a one-year statute of limitations. See 28 U.S.C. § 2255(f). Petitioner was

convicted on October 6, 1999, yet the instant motion was not filed until well over a decade after the date of conviction.

Even if the Petitioner's motion was properly before the Court, the motion is still without merit. As the Fourth Circuit previously held in this case, "Perry's conviction for operating a motor vehicle while classified as an habitual offender does not rest on the validity of his conviction underlying his habitual offender status. . . . [It] rests on the fact that he operated a motor vehicle while under a court order not to do so." United States v. Perry, 20 F. App'x 97, 104 (4th Cir. 2001). Perry is consistent with Mays v. Harris, 523 F.2d 1258, 1259 (4th Cir. 1975), where the Fourth Circuit held that the defendant was convicted and sentenced "not because he was an adjudged habitual offender, but because he wilfully and flagrantly violated an extant court order."

Like the defendant in Mays, Petitioner was convicted and sentenced because he flagrantly disregarded a court order prohibiting him from driving a motor vehicle while classified as a habitual offender. Thus, even if his classification in June 1990 as a habitual offender was incorrect, Petitioner was still not justified to disregard the court order that prohibited him from driving while his license was suspended. See Walker v. City of Birmingham, 388 U.S. 307, 320 (1967)("[I]n the fair administration of justice no man can be judge in his own case."

4

For the foregoing reasons, the Petitioner's Motion to Vacate is DENIED. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
October 31, 2016

5